IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-100 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| DANIEL AMBROSE, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER AND REQUEST FOR BOND (DOC. 18)

This case is before the Court on Defendant Daniel Ambrose's Motion for Review of Detention Order and Request for Bond (Doc. 18). Mr. Ambrose was indicted on one count of possession of a firearm and ammunition by a prohibited person. On September 30, 2020, Magistrate Judge Stephanie K. Bowman held a hearing and arraignment on the Indictment, at which she ordered that Mr. Ambrose be detained pending trial. Mr. Ambrose now asks the Court to review the detention order and release him from custody. For the reasons below, Mr. Ambrose's motion is **DENIED**.

## ANALYSIS

The Court reviews the Magistrate Judge's detention order *de novo*. See *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-30 (S.D. Ohio 2000). The factors relevant to determining whether a defendant may be released on bond are: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the

defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger the defendant's release would pose to any person or the community. 18 U.S.C. § 3142(g). In cases, like this one, that do not involve a rebuttable presumption of detention under 18 U.S.C. § 3142(f)(1), the Government has the burden of demonstrating by a preponderance of the evidence that the defendant is a serious flight risk or, by clear and convincing evidence, that the defendant is dangerous to another person or the community. *United States v. Hinton*, 113 Fed. App'x 76, 78 (6th Cir. 2004).

Regarding the first factor, the Indictment alleges that, on or about August 10, 2020, in the Southern District of Ohio, Mr. Ambrose, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, that is, a Taurus Model PT709, 9 millimeter semi-automatic firearm bearing serial number TEZ14834 and eight rounds of 9 millimeter ammunition, and the firearm and ammunition were in and affecting commerce. (Doc. 3 at PageID# 8.)

As proffered by the Government, on August 10, 2020, Cincinnati Police Department (CPD) gang officers were conducting surveillance at Mr. Ambrose's residence located at 1215 Neff Street, Cincinnati, Ohio. Law enforcement began surveillance of Mr. Ambrose's residence after determining that he was responsible for several ShotSpotter alerts in Cincinnati's Avondale neighborhood. (ShotSpotter is a gunshot detection system, which can detect the sound of a gunshot and report its location to the police department.) During the surveillance, an officer saw Mr. Ambrose arrive at his home as a passenger in a maroon sedan. Mr. Ambrose get out of the car carrying a

black, thin firearm in his right hand and enter the residence.

Several minutes later, the same officer saw Mr. Ambrose exit the residence with a person later identified as Wesley Noble. The two got into a 2011 white Jeep, Mr. Noble as the driver and Mr. Ambrose as the passenger. Uniformed officers in a marked police vehicle followed the white Jeep and saw the driver commit a traffic violation. Thereafter, an officer initiated his overhead lights to conduct a traffic stop on the vehicle. After the vehicle stopped, the uniformed officer approached the car and saw the passenger reaching towards the glove box and making furtive movements inside the vehicle.

When the officer approached, he ordered Mr. Noble and Mr. Ambrose to place their hands where he could see them and had both men exit the car. During a search of the car, officers found two loaded handguns in the passenger side glove box where Mr. Ambrose was sitting. One of the two firearms found was a Taurus 9 millimeter that matched the description of the firearm that Mr. Ambrose was seen carrying earlier. The officer who saw Mr. Ambrose earlier arrived on scene and identified the Taurus as the firearm he saw in Mr. Ambrose's hand. Ammunition was also found in the center console. Both Mr. Ambrose and Mr. Noble were arrested. Mr. Noble claimed responsibility for both firearms. Despite that claim, Mr. Ambrose was indicted in Hamilton County (OH) Court of Common Pleas with weapons under disability in violation of Ohio law.

Following the traffic stop, law enforcement obtained a search warrant for Mr. Ambrose's residence, where officers found an additional firearm. Mr. Ambrose was charged in Hamilton County (OH) Court of Common Pleas for weapons under disability

related to the firearm inside his residence. That charge is still pending.

Mr. Ambrose points to the fact that Mr. Noble has claimed ownership of the both the vehicle and the firearms. This claim is contradicted, however, by the CPD officer's observance of Mr. Ambrose handling the gun outside his residence.

Under Section 3142(g)(1), Congress identified certain charges as bearing on the dangerousness of the defendant, including "whether the offense is a crime of violence, ... or involves a ... firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1); *see also United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010). This case involves a firearm. In addition, the facts leading to the discovery of that firearm in Mr. Ambrose's possession also implicate him in the firing of several gunshots and the possession of an additional firearm. In sum, this factor weighs in favor of Mr. Ambrose's detention.

The second factor relates to the weight of the evidence of dangerousness and risk of flight, not the weight of the evidence of the defendant's guilt. *See United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). The evidence surrounding the charges against Mr. Ambrose, as discussed above, weigh in favor of finding that he presents a danger to the community.

The third factor is the history and characteristics of the defendant. As the Magistrate Judge noted in her detention order, Mr. Ambrose has a prior criminal history, has participated in criminal activity while on probation, parole, or supervision, has a history of violence and use of weapons, lack of stable employment, prior failure to appear in court as ordered, and prior violations of probation, parole, or supervised release. The criminal history includes crimes involving controlled substances and violence or threats

of violence. In addition, in opposition to the instant motion, the Government submitted photos posted on social media showing Mr. Ambrose handling several firearms. Considering all of these facts, Mr. Ambrose's history and characteristics further support his detention before trial.

The fourth factor—the danger to the community—has been discussed in the context of the above three factors. Clear and convincing evidence establishes that, if released before trial, Mr. Ambrose is likely to possess one or more firearms and be involved in activities posing a serious risk of harm to the community.

In rebuttal, Mr. Ambrose asserts that he has twice appeared, posted bond and has a secure place to stay should he be released. He notes that the last time he was charged with a felony offense was over four years ago. He has also worked to resolve thirteen charges of Driving Under Suspension, serving his suspension and paying his fines in excess of $4,000. Mr. Ambrose now holds a valid driver's license.

While Mr. Ambrose may be working to turn his life around and does not appear to present a serious flight risk, the Court is persuaded by clear and convincing evidence that he would be a danger to the community if released. For this reason, his request for bond is denied.

## CONCLUSION

For the above reasons, the Motion for Review of Detention Order and Request for Bond (Doc. 18) is hereby **DENIED**. Mr. Ambrose shall remain detained pending trial in this matter.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: ___/s/ Matthew W. McFarland___
JUDGE MATTHEW W. McFARLAND