IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:20-cr-100 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| DANIEL AMBROSE, | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 43)

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release (Doc. 43). Defendant filed the instant motion seeking early termination of probation. (Motion for Early Termination, Doc. 43.) However, Defendant is currently serving a term of supervised release—not probation. Accordingly, the Court construes the motion as one for early termination of supervised release. The Government filed a Response to the Motion (Doc. 44); Defendant did not file a reply and the time to do so has passed. Thus, this matter is ripe for the Court's review. For the following reasons, Defendant's Motion for Early Termination of Supervised Release is **DENIED**.

On February 14, 2022, Defendant Daniel Ambrose was sentenced by this Court to forty-six months of imprisonment followed by three years of supervised release for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922. (Judgment, Doc. 38). Defendant was released from custody on December 28, 2023, and began serving

his term of supervised release.

District courts have the discretionary authority to terminate a term for supervised release after that defendant has served one full year on supervised release. 18 U.S.C. § 3583(e)(1); *United States v. Suber*, 75 F.Appx. 442, 443 (6th Cir. 2003). "When that statutory requirement is met, a district court may grant early termination of supervised release if it concludes that such relief 'is warranted by both the individual's conduct and also by the interest of justice.'" *United States v. Zai*, No. 22-3371, 2022 U.S. App. LEXIS 35495, at *13 (6th Cir. Dec. 21, 2022) (quoting *Suber*, 75 F.Appx. at 444). When considering an individual's conduct, "where the defendant shows changed circumstances, such as exceptionally good behavior[,]" early termination of supervised release may be warranted. *United States v. Atkin*, 38 F.Appx. 196, 198 (6th Cir. 2002). In analyzing the interest of justice, the Court considers the following factors set forth in 18 U.S.C. § 3553(a):

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct;

3. The need for the sentence imposed to protect the public from further crimes of the defendant;

4. The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

5. The kinds of sentence and the sentencing range established for [the defendant's crimes];

6. Any pertinent policy statements issued by the Sentencing Commission;

   7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

   8. The need to provide restitution to any victims of the offense.

18 U.S.C. § 3583(e).

Defendant is eligible for early termination of supervised release because he has served over one year on supervised release. However, the Court finds that neither "the conduct of the defendant" nor "the interest of justice" justify early termination. In his motion, Defendant does not point to any changed circumstances or exceptionally good behavior to warrant termination. (*See* Motion for Early Termination, Doc. 43.) Rather, Defendant argues for early termination because he has "committed to being a productive and law-abiding member of society." (*Id.* at Pg. ID 213.) As evidence of this, Defendant notes that he obtained his GED, maintains full-time employment, and has not touched any illicit substance or alcohol since he was incarcerated in 2020. (*Id.*) The Court certainly commends Defendant for his compliance and success while incarcerated and on supervision. But, as the Government stated in its Response, "[D]efendant's compliance with the terms of his supervision does not rise to the level of extraordinary behavior," to warrant early termination. (Response, Doc. 44, Pg. ID 215.) To be sure, Defendant committed a very serious crime. His sentence to three years of supervised release remains appropriate based on the applicable 18 U.S.C. § 3553(a) factors, including "the nature and circumstances of the offense," "the need to protect the public from further crimes of the defendant," and the need "to promote respect for the law."

Accordingly, Defendant's Motion for Early Termination of Supervised Release (Doc. 64) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND